UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**STEPPING STONES MANAGEMENT, INC.,**
and
**EVERGREEN MART, L.L.C.,**

      **Plaintiffs,**

v.                                                                                        Civil Action No. 4:06cv98

**KOREAN KORNER, INC.,**
and
**KIM MILLING COMPANY, INC.,**

      **Defendants.**

## ORDER AND OPINION

Currently before the court are plaintiffs' "Motion to Amend Complaint" and two "Requests for Default Judgment" against defendant Kim Milling Company, Inc. ("Kim Milling") for failing to timely file an answer, and defendant Kim Milling's "Motion to File Late Answer." The instant matter was originally filed in the Circuit Court for the City of Newport News, Virginia, and was removed to this court by Korean Korner, Inc. ("Korean") premised upon both diversity and federal question jurisdiction. Upon review of the notice of removal and attached exhibits, it is apparent that this court lacks subject matter jurisdiction over the instant matter; therefore, the case is **REMANDED** to the Circuit Court for the City of Newport News, Virginia.

### I. Factual and Procedural Background

Plaintiffs' complaint, filed on August 1, 2006, in the Circuit Court for the City of Newport News, seeks an injunction against defendants as well as damages resulting from trespass, conversion, and malicious destruction of property, all of which allegedly occurred at the

supermarket located at 13276 Warwick Boulevard, Newport News, which is owned by plaintiff Stepping Stones Management, Inc. ("Stepping Stones") and leased to plaintiff Evergreen Mart, L.L.C. ("Evergreen"). In early 2006, Kim Milling, not Evergreen, was the lessee of the Warwick Boulevard supermarket; however, due to a substantial monetary judgment obtained by Korean against Kim Milling in federal court, Kim Milling agreed to turn the store over to Korean. Shortly after such agreement was reached, Korean moved all of Kim Milling's inventory and assets out of the supermarket and, on May 31, 2006, Korean turned the store back over to Stepping Stones, the lessor. Stepping Stones repaired damages to the store caused by the defendants, entered into a new lease with Evergreen, and in mid-June, Evergreen began operating the supermarket. Approximately one month later, Kim Milling filed a lawsuit in state court seeking an injunction in an attempt to regain control over the store; Kim Milling alleged that Evergreen was wrongfully utilizing Kim Milling's business assets and leased property. Although such injunction was denied, contemporaneous to such state action, Korean returned to federal court and obtained a court order authorizing Korean to enter the supermarket and seize all assets belonging to Kim Milling; however, no such assets remained on the property. Nothwithstanding such fact, Korean used the federal order to gain access to the supermarket on July 20, 2006, and Korean seized or destroyed Evergreen's inventory as well as assets of both Evergreen and Stepping Stones. Plaintiffs contend that Korean's unlawful entry and destruction and seizure of property was caused by Kim Milling's false representations that it still had a property interest in assets at the Warwick Boulevard supermarket even after Evergreen commenced its lease. Plaintiffs allege that Kim Milling made such false representations to Korean with the knowledge that Korean would seize property at the expense of plaintiffs, thereby benefitting both Kim Milling and Korean; a conspiracy between the defendants is alleged in the complaint.

On August 10, 2006, Korean filed a "Notice of Removal" in the United States District Court for the Eastern District of Virginia, claiming that both federal question jurisdiction and diversity jurisdiction warrant removal to federal court. Although it is undisputed that plaintiffs and Kim Milling are citizens of Virginia for diversity purposes, Korean, a citizen of Maryland, contends that Kim Milling's presence in the lawsuit does not defeat diversity jurisdiction because plaintiffs fraudulently joined Kim Milling.

## II. Standard of Review

The rules governing removal to federal court premised on diversity jurisdiction require both that <u>all</u> defendants are diverse from plaintiffs and that none of the defendants are citizens of the state in which the action is brought. <u>See</u> 28 U.S.C. § 1441. The doctrine of fraudulent joinder is an exception to such requirements and permits a federal judge to disregard non-diverse parties and assume jurisdiction even in the absence of complete diversity. <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999). In order to successfully apply such doctrine a defendant must overcome an onerous standard, requiring a defendant to establish either: "That there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993) (quoting <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981)). Defendant's "heavy burden" is further illustrated by the fact that it must show that "plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999).[1] Likewise, a plaintiff need not establish that claims against a

---

[1] The facts set forth in the previous section are the facts as portrayed in plaintiffs' complaint which are viewed as true for the purpose of jurisdictional analysis.

non-diverse defendant will "ultimately succeed," but rather, "only a possibility of a right to relief need be asserted." Marshall, 6 F.3d at 233.

Although the "no possibility of relief" standard set forth above appears straightforward, this court has recently recognized some inconsistencies in the way that such standard has been applied; as a result, this court has held that the "no possibility" standard must not be mechanically applied, but rather, should turn on whether there is a "<u>reasonable</u> basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Sanders v. Medtronic, Inc., No. 4:06cv57, 2006 WL 1788975, at *3 (E.D. Va. June 26, 2006) (quoting Linnin v. Michielsens, 372 F. Supp. 2d 811, 818 (E.D. Va. 2005)).  Although construing the "no possibility" standard in such manner may be slightly broader than a strict reading of the text suggests, the court remains mindful of the Fourth Circuit's instruction that district courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Hartley, 187 F.3d at 425 (quoting Marshall, 6 F.3d at 232).

Turning to the rules governing removal premised on federal question jurisdiction, there is no requirement that defendants be diverse; rather, defendants need only establish that the district court has original jurisdiction based on a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441.  To determine whether a plaintiff's claims meet such standard, the court must look to the complaint to discern whether state or federal law creates the cause of action, as a plaintiff may intentionally avoid federal jurisdiction by relying exclusively on state law when drafting his complaint. Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005).  Additionally, the court must consider whether a plaintiff's claims are within the small class of claims which, although premised on state law, necessarily depend on the resolution of a substantial question of federal law. Id.

4

Although certain jurisdictional challenges must conform to strict procedural requirements, including limitations periods during which a party must challenge jurisdiction, the United States Code expressly requires that a case "shall be remanded" if "at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Furthermore, the Code acknowledges a district court's responsibility to remand cases sua sponte for lack of subject matter jurisdiction, stating: "The United States district court in which [a removal] notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4); see Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1274 (4th Cir. 1985) ("[L]ack of subject matter jurisdiction is an issue that requires sua sponte consideration when it is seriously in doubt."); Fleeman v. Toyota Motor Sales, U.S.A., Inc., 288 F. Supp. 2d 726, 728 (S.D.W. Va. 2003) ("The issue of subject matter jurisdiction and remand . . . may . . . be reviewed by the court sua sponte."). Although this court addresses the propriety of remand sua sponte, the court remains mindful of the fact that depriving Korean of its right to a federal forum is substantial, and the fact that an order of remand "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

### III. Discussion

After examining the notice of removal, plaintiffs' complaint, and the rest of the record before the court,[2] it is apparent that there are no proper grounds for the assertion of federal jurisdiction over this matter. First, addressing Korean's fraudulent joinder argument, after

---

[2] "When analyzing fraudulent joinder, 'the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" Linnin, 372 F. Supp. 2d at 819 (quoting AIDS Counseling and Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990)).

5

resolving all issues of law and fact in favor of plaintiffs, it is clear to the court that plaintiffs have a reasonable basis for recovering against Kim Milling because even though it was Korean that seized or damaged plaintiffs' assets, plaintiffs' complaint alleges that it was Kim Milling's intentionally false representations that prompted Korean's wrongful seizure of such assets. Furthermore, plaintiffs can easily corroborate their allegation that Kim Milling continued to assert that it owned business assets located at Stepping Stones' Warwick Boulevard supermarket subsequent to being removed from the premises because on July 12, 2006, just eight days before Korean Korner forcibly seized plaintiffs' assets from such location, Kim Milling filed a motion for an injunction in Newport News Circuit Court claiming that Kim Milling had both personal property and business assets remaining at Stepping Stones' supermarket (Compl. Ex. I). Additionally, plaintiffs' complaint alleges a conspiracy existed between Kim Milling and Korean that was aimed at benefitting both defendants at both plaintiffs' expense, and if the facts as alleged in the complaint are viewed as true, plaintiffs have a reasonable basis for recovering against Kim Milling as a result of such conspiracy because Kim Milling induced Korean Korner to seize plaintiffs' assets. Thus, after careful consideration of the record, it is clear that Kim Milling was not fraudulently joined, complete diversity does not exist, and this court has no option but to remand the matter to state court for lack of diversity jurisdiction.[3]

Second, as to Korean's claim that this court may hear the instant matter pursuant to federal question jurisdiction, defendant's removal notice and annexed exhibits plainly reveal that plaintiffs' claims do not arise under the Constitution or federal laws and that such claims do not

---

[3] Although having no impact on the court's analysis, it appears to the court that had plaintiffs joined Kim Milling in an attempt to avoid federal litigation they likely would have filed a motion to remand subsequent to Korean's improper removal rather than relying on the court's ability to sua sponte remand this matter if the jurisdictional issue became apparent to the court.

depend on the resolution of a substantial question of federal law. Korean contends that a federal question exists because plaintiffs' complaint challenges the enforceability of a federal court order; however, defendant misconstrues the claims in plaintiffs' complaint. Reading the July 10, 2006, federal court order in conjunction with plaintiffs' complaint, it is evident that plaintiffs are not challenging the legal enforceability of the court order, but rather, are highlighting Korean's false representations to the court and challenging Korean's reliance on such order because Korean knew that the order was obtained as a result of false statements. To clarify, the federal court order, which plaintiffs contend was granted only as a result of Korean's false representations, grants Korean permission to enter the Warwick Boulevard supermarket and "take physical possession of the Collateral that is the subject of this Court's June 28, 2005 Judgment Order" (Compl. Ex. J). Plaintiffs do not challenge the legal enforceability of such order, but rather, highlight the fact that "the order permitted Korean to enter the premises of Kim Milling located at 13276 Warwick Boulevard and to remove assets <u>belonging to Kim Milling only</u>" and that because Kim Milling ceased operating the supermarket in May of 2006 and had no assets at such location, that in July "Korean had no right to enter the premises at the location <u>when it knew, or should have known, that Kim Milling had no assets at said location</u>" (Compl. ¶ 33-35) (emphasis added). Thus, rather than challenging the legal enforceability of the court's order, plaintiffs argue: (1) that a trespass still occurred because Korean knew that the court order was only entered based on false representations it made to the court; and (2) that the express terms of the Order only permitted Korean to seize <u>Kim Milling's assets</u> at 13276 Warwick Boulevard and that the bulk of plaintiffs' damages occurred as a result of Korean seizing or damaging <u>assets owned by plaintiffs</u>. Korean is therefore unable to point to any substantial question of federal law that must be resolved in order to adjudicate plaintiffs' state law claims for

conspiracy, trespass, conversion, malicious destruction of property, and for an injunction; thus, the court has no option but to remand the matter to state court for lack of federal question jurisdiction.

### IV.  Conclusion

After careful consideration of the record, it is readily apparent that this court lacks subject matter jurisdiction over the instant dispute as the parties are not completely diverse and plaintiffs' claims are neither predicated on a federal question nor require the resolution of a substantial federal question.  The court notes that although the decision to remand this matter was made sua sponte, the jurisdictional rules are in place to "direct judicial traffic" and "steer litigation to the proper forum with a minimum of preliminary fuss," and the best way to do so is to "accept the parties joined on the face of the complaint unless joinder is clearly improper." Hartley, 187 F.3d at 425.  Joining Kim Milling, the party that plaintiffs claim knowingly induced Korean to wrongfully seize plaintiffs' assets is not "clearly improper" and plaintiffs' complaint and exhibits establish a "reasonable basis" for recovery against Kim Milling.  Likewise, it is plain to the court that plaintiffs' complaint alleges state law claims and does not rely on the resolution of a substantial federal question.  Accordingly, the court **ORDERS** that this matter be **REMANDED** to the Circuit Court for the City of Newport News, Virginia.

The Clerk is **REQUESTED** to mail a certified copy of this Order to the Clerk of the Circuit Court for the City of Newport News, Virginia, as well as copies to counsel of record.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December  1 , 2006